NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 19a0190n.06

Case No. 18-1826

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Apr 16, 2019
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| DAWN GREEN, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| CITY OF SOUTHFIELD, MICHIGAN, et al., | ) | MICHIGAN |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |

Before:  GRIFFIN and DONALD, Circuit Judges; and BERTELSMAN, District Judge.[*]

**BERNICE BOUIE DONALD, Circuit Judge.** Defendant City of Southfield, Michigan, filed a motion to dismiss Plaintiff Dawn Green's § 1983 claim for race and/or gender discrimination.  The district court granted Defendant's motion and this Court affirmed.  Defendants then requested attorney's fees with the district court in the amount of $12,550.00, pursuant to 42 U.S.C. § 1988.  The district court denied the motion.  Defendants now appeal.

This Court reviews a district court's decision to grant or deny attorney's fees under the abuse of discretion standard.  *Morrison v. Lipscomb*, 877 F.2d 463, 469 (6th Cir. 1989).  "A district court abuses its discretion when it relies upon clearly erroneous findings of fact, applies the law improperly, or uses an erroneous legal standard."  *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 702 (6th Cir. 2016) (internal citations omitted).

---

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

An award of attorney's fees may be granted at the district court's discretion to the prevailing party, other than the United States, in a § 1983 case. 42 U.S.C. § 1988(b). "Under § 1988, a civil-rights defendant may recover attorneys' fees only if the defendant is a 'prevailing party' *and* proves that the plaintiff's action was 'frivolous, unreasonable, or without foundation.'" *Hescott v. City of Saginaw*, 757 F.3d 518, 529 (6th Cir. 2014) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)) (emphasis in original). Attorney's fees should be assessed to the defendant only when the court finds that the plaintiff's "claim was groundless at the outset or that the plaintiff continued to litigate after it clearly became so." *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). "An award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986).

Defendants' argument rests largely on the fact that the district court dismissed the case on its pleadings, which, Defendants contend, shows that Green should have known that her claims were frivolous. This amounts to impermissible "'post hoc reasoning' and . . . 'hindsight logic' of concluding a suit is without foundation because the plaintiff ultimately does not prevail." *Smith*, 754 F.2d at 183 (quoting *Christiansburg Garment Co.*, 434 U.S. at 422). This Court recognizes that "a plaintiff may have an entirely reasonable ground for bringing suit even when the law or facts appear questionable or unfavorable at the outset." *Id.* (citing *Christiansburg Garment Co.*, 434 U.S. at 422). Though Green's claims ultimately failed, Defendants' arguments do not show that the district court abused its discretion in finding that the claims were not frivolous and declining to award attorney's fees. Accordingly, the district court's order is **AFFIRMED**.